UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GREGORY REAUX, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 19-2529 |
| DARREL VANNOY, | SECTION: "E" (4) |
| Defendant | |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge van Meerveld recommending Petitioner Gregory Reaux's petition for federal habeas corpus relief be dismissed with prejudice as time-barred.[1] Petitioner objected to the magistrate judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

On July 24, 2013, Petitioner was convicted of three counts of armed robbery under Louisiana law.[3] On September 4, 2013, he was sentenced on each count to a term of ninety-nine years imprisonment, ordered to be served consecutively and without benefit of parole, probation, or suspension of sentence.[4] On November 25, 2014, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[5] The Louisiana

---

[1] R. Doc. 13.
[2] R. Doc. 14.
[3] State Rec., Vol. 6 of 7, transcript of July 24, 2013, p. 163; State Rec., Vol. 2 of 7, minute entry dated July 24, 2013; State Rec., Vol. 2 of 7, jury verdict form.
[4] State Rec., Vol. 6 of 7, transcript of September 4, 2013; State Rec., Vol. 2 of 7, minute entry dated September 4, 2013.
[5] *State v. Reaux*, 14-215 (La. App. 5 Cir. 11/25/14), 165 So. 3d 944; State Rec., Vol. 2 of 7.

1

Supreme Court then denied his related writ application on October 9, 2015.[6]

Petitioner filed an application for post-conviction relief with the state district court on January 25, 2016,[7] and a supplemental application on February 4, 2016.[8] The state district court denied relief on July 27, 2016.[9] Petitioner's related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on December 2, 2016,[10] and the Louisiana Supreme Court on April 6, 2018.[11]

On March 18, 2019, Petitioner filed a federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[12] The state filed a response arguing the application is untimely,[13] and Petitioner filed a reply.[14] Magistrate Judge van Meerveld recommended his petition be dismissed with prejudice as time-barred.[15]

## **LEGAL STANDARD**

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[16] As to the portions of the report not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[17]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

---

[6] *State v. Reaux*, 2014-2639 (La. 10/9/15), 178 So. 3d 1000; State Rec., Vol. 2 of 7.
[7] State Rec., Vol. 2 of 7.
[8] State Rec., Vol. 3 of 7.
[9] State Rec., Vol. 3 of 7, Order dated July 27, 2016.
[10] State Rec., Vol. 3 of 7.
[11] *State ex rel. Reaux v. State*, 2017-0066 (La. 4/6/18), 239 So. 3d 277; State Rec., Vol. 3 of 7.
[12] R. Doc. 4.
[13] R. Doc. 11.
[14] R. Doc. 12.
[15] R. Doc. 13.
[16] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[17] *Id.*

federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[18] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[19] AEDPA requires a federal court "accord the state trial court substantial deference."[20]

## LAW AND ANALYSIS

Under AEDPA, a petitioner generally must bring his § 2254 claims within one year of the date on which his underlying state criminal judgment became "final."[21] A state judgment becomes "final," and the statute of limitations for bringing a federal habeas petition begins to run, on the date of "the conclusion of direct review or the expiration of the time for seeking such review."[22] If a habeas petitioner pursues relief on direct appeal through a state's highest court, this means his or her judgment becomes final "ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[23]

This one-year limitation is subject to certain exceptions, however. For instance, AEDPA expressly allows the one-year limitations period to be tolled throughout "[t]he time during which a properly filed application for State post-conviction or other collateral

---

[18] 28 U.S.C. § 2254(d)(1).
[19] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).
[20] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).
[21] 28 U.S.C. § 2244(d)(1)(A).
[22] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).
[23]*Id.*

3

review with respect to the pertinent judgment or claim is pending."[24] Additionally, the one-year period of limitation may be equitably tolled in extraordinary circumstances.[25]

In this case, the Louisiana Supreme Court denied Petitioner's direct-review writ application on October 9, 2015.[26] Accordingly, his state criminal judgment became final for AEDPA purposes on January 7, 2016, upon the expiration of his time for seeking review in the United States Supreme Court. As a result, his federal limitations period commenced on that date and then expired one year later, unless the deadline was extended through tolling.

Magistrate Judge van Meerveld recommended this Court dismiss Petitioner's claim as untimely because Petitioner failed to file his federal habeas petition within the one-year statute of limitations period, and tolling does not apply as Petitioner contends.[27] The Court agrees with the magistrate judge's recommendation. Because Petitioner does not argue any other exceptions to the one-year limitations period apply,[28] the Court only addresses whether Petitioner is entitled to statutory tolling or equitable tolling of the AEDPA one-year limitations period.

### B. Statutory Tolling Does Not Extend to Petitioner's Federal Habeas Petition

Section 2244(d)(2) of AEDPA provides the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not be counted toward the one-year

---

[24] 28 U.S.C. § 2244(d)(2).
[25] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).
[26] *State v. Reaux*, 178 So. 3d 1000 (La. 2015); State Rec., Vol. 2 of 7.
[27] R. Doc. 13.
[28] Petitioner has made no other claim for relief such as actual innocence. *See* R. Doc. 13, at 11, 18.

limitation period.[29] With respect to what it means for an application to be "properly filed," The United States Supreme Court has explained:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.[30]

Accordingly, no tolling applies where an application is filed in the wrong court.[31] Likewise, an untimely state application is not "properly filed" for the purposes of § 2244(d)(2).[32] And, if a petitioner's writ application has been rejected by the state court as untimely, the petitioner is entitled to no statutory tolling whatsoever for that writ application.[33]

Further, a matter is "pending" for § 2244(d)(2) purposes for the duration of the post-conviction proceedings, so long as the petitioner continues to seek review at the higher levels of the state court system in a timely manner.[34] However, if the petitioner fails to properly file an appeal for a higher level of review in a timely fashion, then the application ceases to be "pending" for the purposes of § 2244(d)(2) when his time for seeking such review expires.[35]

---

[29] 28 U.S.C. § 2244(d)(2).
[30] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[31] *See id.* at 9 (noting an application "erroneously accepted by the clerk of a court lacking jurisdiction" is not 'properly filed'"); *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) ("[A] habeas petition filed in a court lacking jurisdiction to consider the application is not 'properly filed' . . . ."); *Marshall v. Dep't of Corrs.*, Civ. Action No. 18-6577, 2018 WL 6072246, at *4 (E.D. La. Oct. 26, 2018) ("It is clear that state applications filed in the wrong court do not qualify as 'properly filed' for purposes of § 2244(d)(2), and, therefore, do not toll the AEDPA statute of limitations."), *adopted*, 2018 WL 6068061 (E.D. La. Nov. 20, 2018); BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:53 (2019) ("The statute of limitations is not tolled where the petition was filed in the wrong state court.").
[32] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).
[33] *Bruce v. Deville*, Civ. Action No. 18-5323, 2019 WL 1062466, at *5 ("Because the Louisiana Fifth Circuit Court of Appeal expressly found that the writ application relating to the denial of his supplemental application for post-conviction relief was untimely and refused to consider it on that basis, petitioner receives no tolling credit whatsoever for that application."), *adopted*, 2019 WL 1056854 (E.D. La. Mar. 6, 2019); *Murphy v. Cooper*, Civ. Action No. 12-1339, 2012 WL 5463864, at *3–4 (E.D. La. Oct. 1, 2002), *adopted*, 2012 WL 5463857 (E.D. La. Nov. 8, 2012).
[34] *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769–71 (5th Cir. 2004).
[35] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In this case, Petitioner's limitation period for filing a federal habeas petition began running on January 7, 2016. Petitioner tolled this limitations period just seventeen days later by filing a post-conviction application with the state district court on January 25, 2016.[36] After the state district court denied relief on July 27, 2016, Petitioner attempted to seek further review, which generally should continue the tolling period. But due to his counsel's errors explained below, the related filings with the intermediate appellate courts were not "properly filed" and did not qualify for § 2244(d)(2) tolling.

Petitioner's counsel initially sought review of the state district court's July 27 decision by filing a writ application with the Louisiana First Circuit Court of Appeal on September 12, 2016.[37] However, that court lacked jurisdiction over the case, and state law instead required the application be filed in the Louisiana Fifth Circuit Court of Appeal.[38] When Petitioner's counsel discovered the mistake, he filed a writ application with the Louisiana Fifth Circuit Court of Appeal on November 3, 2016,[39] but on December 2, 2016, the Louisiana Fifth Circuit Court of Appeal denied that application as untimely.[40] As a result, Petitioner's application to the Louisiana circuit courts likewise did not toll the federal limitations period. Because Petitioner failed to properly file a writ application with the correct state court of appeal in a timely fashion, his state post-conviction application ceased to be "pending," and his federal limitations period resumed running, on August 26, 2016, when his time expired for seeking review of the district court's July 27 ruling denying post-conviction relief.[41]

---

[36] State Rec., Vol. 2 of 7.
[37] See R. Doc. 4-3, at 53.
[38] See LA. CONST. art. 5, § 10(A); LA. REV. STAT. ANN. § 13:312(5).
[39] See R. Doc. 4-4, at 26.
[40] State Rec., Vol. 3 of 7.
[41] A litigant has thirty days to seek review by a Louisiana Court of Appeal. *See* Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; *see also Melancon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001).

At that point, Petitioner still had three hundred forty-eight days of his federal limitations period remaining. After another one hundred twenty-four days elapsed, Petitioner again tolled the federal limitations period on December 29, 2016, by filing a writ application with the Louisiana Supreme Court to challenge the Louisiana Fifth Circuit Court of Appeal's denial of relief.[42] When the Louisiana Supreme Court then denied relief on April 6, 2018,[43] the federal limitations period again resumed.[44] As of that date, Petitioner still had two hundred twenty-four (224) days of his federal limitations period remaining. Accordingly, he had until November 16, 2018, either to toll the limitations period or file his federal application. Petitioner had no other applications pending before the state courts at any time on or before November 16, 2018. As a result, he is not entitled to further statutory tolling, and his March 18, 2019, petition is untimely.

### C. Equitable Tolling Does Not Apply to Petitioner's Case

AEDPA's statute of limitations can be equitably tolled only "in rare and exceptional circumstances."[45] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[46] Extraordinary circumstances "would exist, for example, if 'the plaintiff was actively misled by the defendant about the cause of action or was prevented in some extraordinary way from asserting his rights.'"[47] "But, a 'garden variety claim of excusable neglect' by the petition does not support

---

[42] State Rec., Vol. 7 of 7, writ application in case number 17 KH 66.
[43] *State ex rel. Reaux v. State*, 239 So. 3d 277 (La. 2018); State Rec., Vol. 3 of 7.
[44] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Ott v. Johnson*, 192 F.3d 510, 512–13 (5th Cir. 1999).
[45] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).
[46] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[47] *Lookingbill v. Cockrell,* 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402 (internal brackets and citation omitted)).

equitable tolling.'"[48] Finally, "equitable tolling 'is not intended for those who sleep on their rights.'"[49]

In the instant case, Petitioner argues, in his reply[50] and in his objection to Magistrate Judge van Meerveld's report and recommendation,[51] his untimeliness should be excused due to his attorney's error in failing to file a timely writ application with the correct Louisiana Court of Appeal after the state district court denied post-conviction relief. Specifically, Petitioner argues his application should be considered timely in light of the Supreme Court case *Martinez v. Ryan*.[52] *Martinez* is inapplicable here because it concerned procedural default in federal habeas cases, not AEDPA's statute of limitations.[53] However, the Court will broadly construe Petitioner's argument as one for equitable tolling. The Court rejects Petitioner's argument on three bases: (1) counsel's error did not constitute an "extraordinary circumstance;" (2) counsel's error did not "prevent" Petitioner from seeking federal relief in a timely fashion; and (3) Petitioner did not pursue federal relief diligently.

Frist, attorney error normally does not constitute an extraordinary circumstance warranting equitable tolling.[54] In *Holland v. Florida*, the United States Supreme Court

---

[48] *Id.* (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).
[49] *Tsolainos v. Cain*, 540 F. App'x 394, 398 (5th Cir. 2013) (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)).
[50] R. Doc. 12, at 3–4.
[51] R. Doc. 14, at 1.
[52] 566 U.S. 1 (2012).
[53] *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("[W]e also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Alexander v. Vannoy*, Civ. Action No. 18-5019, 2019 WL 1086389, at *8 n.27 (E.D. La. Jan. 31, 2019), *adopted*, 2019 WL 1077189 (E.D. La. Mar. 7, 2019); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. July 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014).
[54] *See Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) ("Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not. Additional support for the proposition that attorney error does not trigger equitable tolling is the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings." (footnote omitted)); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("If there was ever any doubt that an attorney's error or neglect

carved out a limited exception to this general rule, holding a "garden variety claim of misconduct" does not warrant equitable tolling but "far more serious instances of attorney misconduct" may.[55] For example, equitable tolling applied in *Holland* because there was an almost complete breakdown in communication between Holland and his counsel, and Holland's attorney failed even to inform Holland when the state supreme court denied him relief, much less file a timely federal application to preserve his's rights.[56]

The facts in Petitioner's case are significantly less egregious. In this case, Petitioner's counsel initially filed the application with the wrong Court of Appeal. That error resulted from nothing more than garden-variety negligence, and, as such, does not qualify as an "extraordinary circumstance" warranting equitable tolling.[57] Further, while it may seem harsh to fault Petitioner for his counsel's error, a client is normally held accountable for and bound by the errors of his counsel.[58]

In any event, counsel's error in this case in no way "prevented" Petitioner from seeking timely federal relief. As already explained, despite counsel's error, Petitioner still had two hundred twenty-four days of his limitations period remaining even after the Louisiana Supreme Court denied relief on April 6, 2018. He does not identify any obstacle that "prevented" him from seeking federal relief during that extended period.

---

does not warrant equitable tolling, our recent decision in *Cousin* . . . erased it . . . .").
[55] 560 U.S. at 651–52.
[56] *Id.* at 637-39.
[57] *See Rivas v. Fisher*, 687 F.3d 514, 538 (2d Cir. 2012) ("[I]n order to rise to the level necessary to constitute an 'extraordinary circumstance,' for purposes of tolling § 2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney client relationship."); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction because in practically every case where there is a failure to meet the filing deadline an attorney is at fault.").
[58] That general rule is true even for habeas corpus petitioners. *See Maples v. Thomas*, 565 U.S. 266, 280–81 (2012) ("[T]he attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent. Thus, when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight . . . ." (citations and quotation marks omitted)).

Lastly, Petitioner inexplicably waited an additional three hundred forty-six days after the Louisiana Supreme Court denied him post-conviction relief to file his federal habeas corpus petition. That fact alone is sufficient to doom his bid for equitable tolling because he does not meet the first element—that he pursue his rights diligently.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation, finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[59]

## **CONCLUSION**

**IT IS ORDERED** that Petitioner Gregory Reaux's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254[60] be and hereby is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 12th day of December, 2019.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[59] R. Doc. 13.
[60] R. Doc. 4.